**HOEFLER & STOECKLEIN CO., Plaintiff-Appellee, v. PIONEER BUILDINGS OF OHIO, INC. et, Defendants-Appellees, and FRANK C. CLEMENS PLUMBING CO., Defendant-Appellant.**

No. 2089. Decided August 21, 1950.

Curtner, Brenton & Benjamin, J. Paul Brenton, of Counsel, Dayton, for Hoefler and Stoecklein Co.

J. D. Chamberlain, Jr., Dayton, for Hoosier Mortgage Service, Inc.

Shaman, Winer & Shulman, A. Paul Ziegler and James W. Drake, of Counsel, Dayton, for J. W. Bickel.

Louis W. Makley, Dayton, for The Frank C. Clemens Plumbing Co.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from the judgment of the Common Pleas Court of Montgomery County, Ohio. This is an action to foreclose a mechanic's lien on two pieces of real estate located in the City of Dayton, Ohio. Certain lien holders and claimants were made parties defendant. The real estate was ordered sold and the rights of all parties were transferred to the fund. Subsequently, the court coming on to marshal liens found the lien of the defendant-appellant, The Frank C. Clemens Plumbing Company, a cross-petitioner, to be invalid. The fund was ordered distributed to parties holding valid liens in the proper order of priority.

By stipulation this matter was submitted to the Court on so much of the record taken below as affects the claim of the appellant, and additional testimony taken before a special master commissioner appointed by this Court.

The sole question for the Court to determine is whether any labor was performed on the job within sixty days prior to the date of the filing of the lien.

The appellant failed to show a valid lien with respect to

Lot Numbered 56484, and part of Lot Numbered 56485, and this part of the claim is not pressed.

With respect to Lot Numbered 56471 and part of Lot Numbered 56472, the evidence submitted shows conclusively that the last labor was performed by the appellant on January 9, 1947. No charge was made for labor performed after that date. The lien was filed on April 19, 1947, which was more than sixty days after the last labor was performed.

Appellant claims that the lien is valid due to the fact that final inspection of the plumbing was made by the Chief Plumbing Inspector of the City of Dayton in March, 1947, the exact date not being stated, and within sixty days prior to the filing of the lien. The act of final inspection by the City Inspector of work done by the appellant does not constitute labor performed by the appellant within the meaning of that term in the mechanic's lien law. See §8314 GC.

A decree similar to that entered in the court below may be entered, holding the purported lien of the appellant to be invalid.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.